IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEBRA MCDANIEL**                                                                                   **PLAINTIFF**

v.                                        Case No. 4:23-cv-00574-LPR

**JOHN BLACKBURN, IV,**
CEO, Owner of Good Life Property
And **ERIC BROTHERTON,**
Management for Real Estate Sales                                                       **DEFENDANTS**

## ORDER

Plaintiff Debra McDaniel brought this *pro se* action alleging that Defendants unlawfully breached a real estate contract.[1]  On initial screening, the Court granted Ms. McDaniel's request to proceed *in forma pauperis* and then determined that Ms. McDaniel had not pleaded an amount in controversy to support diversity jurisdiction.[2]  The Court gave Ms. McDaniel 30 days to amend her original Complaint to plead the amount-in-controversy and to "state with more specificity what she believes Defendants did, or failed to do, that breached the parties' contract."[3]  The Court cautioned Ms. McDaniel that "her Amended Complaint will completely supersede and replace her original Complaint, rendering her original Complaint a nullity."[4]

Although Ms. McDaniel timely filed her Amended Complaint,[5] she failed to follow the Court's directives.  In the Amended Complaint, Ms. McDaniel fails to re-allege Defendants' addresses to support diversity of citizenship.[6]  But even if the Court were to give Ms. McDaniel

---

[1] Compl. (Doc. 2).

[2] Order (Doc. 4) at 2 ("Diversity jurisdiction exists if the dispute is between 'citizens of different states' and the amount-in-controversy exceeds $75,000.") (citing 28 U.S.C. § 1332).

[3] *Id*.  The Court also encouraged Ms. McDaniel to attach the signed contract to the Amended Complaint.

[4] *Id*. at 3.

[5] Am. Compl. (Doc. 5).

[6] *Id*. at 2.

the benefit of the addresses alleged in the original Complaint, she has again failed to state an amount-in-controversy that supports federal jurisdiction. Specifically, Ms. McDaniel seeks "at least $20,000 for breach of contract."[7] While the Court appreciates Ms. McDaniel's conservative request, it does not chin the bar for the required amount-in-controversy. Additionally, while Ms. McDaniel recounts the emotional toll the failed real estate transaction has had on her, she does not explain why she believes Defendants breached the contract.[8] As a result, the Court finds that Ms. McDaniel's Amended Complaint is conclusorily pleaded and does not allege the necessary facts to support diversity jurisdiction.

Accordingly, Ms. McDaniel's Complaint (Doc. 2) and Amended Complaint (Doc. 5) are DISMISSED without prejudice for failure to state a claim. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 31st day of January 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[7] *Id.* at 6.

[8] *Id.*